IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL EDMONDS,

    Plaintiff,

vs.                                                                         Civ. No. 04-1406 JP/DJS

THE COUNTY OF TAOS, THE
TAOS COUNTY SHERIFF'S DEPARTMENT,
CHARLIE MARTINEZ IN HIS OFFICIAL
CAPACITY AS SHERIFF OF TAOS COUNTY,
ZACH GARCIA IN HIS OFFICIAL CAPACITY
AS DEPUTY SHERIFF AND HIS INDIVIDUAL
CAPACITY, AND DOES I-X,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On December 17, 2004, the Defendants filed Defendants' Motion to Dismiss (Doc. No. 2). Having reviewed the briefs and relevant law, the Court finds that Defendants' Motion to Dismiss should be granted in part.

A. Background[1]

The Plaintiff alleges that the Defendants started harassing him after he began publically criticizing Defendants Taos County Sheriff's Department and Taos County Sheriff Charlie Martinez for their handling of a murder investigation involving the death of Plaintiff's friend. According to Plaintiff, Defendant Martinez "authorized, condoned and supported" harassment which "included marked sheriff's cars driving by Plaintiff's house at all hours of the day and

---

[1] Plaintiff attempts to interject matters outside the pleadings in his response by quoting unsubstantiated dialog. The Court declines to consider that dialog in deciding the motion to dismiss. Plaintiff's reference to that dialog, therefore, does not convert the motion to dismiss into a motion for summary judgment. *See* Fed. R. Civ. P. 12(b).

night." Complaint at ¶¶15-16. The harassment also included an allegedly sham criminal citation for disorderly conduct issued to the Plaintiff by Defendant Taos County Sheriff's Deputy Zach Garcia on October 9, 2003 for actions purportedly occurring on September 9, 2003.[2] Complaint at ¶17. Plaintiff further alleges that while he was driving on a public road on October 9, 2003, Defendant Garcia unlawfully detained him for approximately 40 minutes, called for backup support, and issued Plaintiff another sham criminal citation for disorderly conduct. Defendant Garcia supposedly based that citation on Plaintiff's rude gesture towards Defendant Garcia and on Plaintiff calling Defendant Garcia an obscene name through a closed car window. Complaint at ¶18. Next, Plaintiff alleges that when he appeared at the Taos County Magistrate Court to contest the citations for disorderly conduct, the presiding magistrate was Betty Martinez, Defendant Martinez's sister. Complaint at ¶19. Plaintiff alleges that Defendant Garcia presented false testimony at the trial and that Magistrate Martinez wrongfully found the Plaintiff guilty. Complaint at ¶20. Finally, the Plaintiff alleges that the district attorney subsequently dismissed the disorderly conduct charges for lack of evidence. Complaint at ¶21.

In his First Cause of Action, the Plaintiff brings 42 U.S.C. §1983 claims alleging that Defendants[3] unlawfully arrested, detained, and prosecuted the Plaintiff. The §1983 claims also include allegations that Defendants Taos County and Taos County Sheriff's Department failed to adequately train and supervise its employees including Defendant Garcia; Defendant Taos County failed to hire suitable sheriff's deputies, and Defendants Taos County and Taos County Sheriff's

---

[2] Plaintiff claims that he was not in the state on September 9, 2003.

[3] Despite the caption of the Complaint, Plaintiff is apparently suing Defendants Garcia and Martinez in both their individual and official capacities. ¶10 of Complaint.

Department failed to investigate the incidents involving the Plaintiff and to properly discipline the Sheriff's deputies involved in those incidents.  The §1983 claims are based on alleged violations of the First, Fourth, Fifth, and Fourteenth Amendments.[4]  In addition, the Plaintiff brings the following state tort claims:  false imprisonment (Second Cause of Action), negligent infliction of emotional distress (Third Cause of Action), malicious abuse of process (Fourth Cause of Action), intentional infliction of emotional distress (Fifth Cause of Action), *prima facie* tort (Sixth Cause of Action), and negligent hiring and supervision (Seventh Cause of Action).

B.  Standard of Review

In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the Court must liberally construe the pleadings, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).  The Court may dismiss the complaint if it appears to a certainty that the plaintiff can prove no set of facts in support of the plaintiff's claim which would entitle the plaintiff to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

---

[4]The Court assumes that the Fifth Amendment claim refers to that portion of the Fifth Amendment guaranteeing due process of law in the deprivation of life, liberty or property.  In that respect, the Fifth Amendment claim is essentially identical to the Fourteenth Amendment claim which the Court also assumes in based on the due process portion of that amendment.  The Court further assumes that these claims are substantive due process claims, not procedural due process claims.

C.  Discussion

    1.  State Claims:  Negligent Infliction of Emotional Distress (Third Cause of Action), Intentional Infliction of Emotional Distress (Fifth Cause of Action), and *Prima Facie* Tort (Sixth Cause of Action)

The Defendants argue first that under the New Mexico Tort Claims Act (NMTCA) the Plaintiff is barred from bringing the following state claims:  negligent infliction of emotional distress, intentional infliction of emotional distress, and *prima facie* tort.   The Defendants are correct.  *See Derringer v. State*, 2003-NMCA-073 ¶16,133 N.M. 721, *cert. denied*, No. 28,035 (2003);  *Garcia-Montoya v. State Treasurer's Office*, 2001-NMSC-003 ¶¶49-50, 130 N.M. 25; *Weinstein v. City of Santa Fe ex rel.*, 121 N.M. 646, 653, 916 P.2d 1313, 1320 (1996). Plaintiff's state claims for negligent infliction of emotional distress (Third Cause of Action), intentional infliction of emotional distress (Fifth Cause of Action), and *prima facie* tort (Sixth Cause of Action) will be dismissed with prejudice.

    2.  State Claim:  Malicious Abuse of Process (Fourth Cause of Action)

The Defendants next argue that the Plaintiff's state claim for malicious abuse of process fails to state a claim upon which relief may be granted.  In New Mexico, the elements for a claim of malicious abuse of process are as follows:

> (1) the initiation of judicial proceedings against the plaintiff by the defendant; (2) an act by the defendant in the use of process other than such as would be proper in the regular prosecution of the claim; (3) a primary motive by the defendant in misusing the process to accomplish an illegitimate end; and (4) damages.

*DeVaney v. Thriftway Marketing Corp.*, 1998-NMSC-001 ¶17, 124 N.M. 512, *cert. denied*, 524 U.S. 915 (1998). Filing a criminal complaint without probable cause is a misuse of power under element two of the tort of malicious abuse of process.  *Id*. at ¶22.  However, "an unfavorable

termination [of the underlying proceeding] has significance in demonstrating the existence of probable cause. An unfavorable termination for the malicious-abuse-of process plaintiff, meaning some form of recovery for the original-proceeding plaintiff, is 'conclusive evidence of the existence of probable cause.'" *Id*. at ¶23 (citation omitted). The question of whether probable cause exists in the underlying criminal proceeding is a question of law. *Id*. at ¶24.

In ¶¶51-54 of the Complaint, the Plaintiff alleges the elements of a malicious abuse of process claim without providing any supporting factual allegations. However, elsewhere in the Complaint the Plaintiff alleges that Defendant Garcia initiated judicial proceedings against the Plaintiff after Defendant Garcia issued Plaintiff the two criminal citations for disorderly conduct and Plaintiff decided to contest those citations in magistrate court. ¶¶17-19 of Complaint. Liberally construing the Complaint, the Court finds that the Plaintiff also alleges that the prosecution was not supported by probable cause because of Defendant Garcia's issuance of sham citations and the fact that the magistrate was Defendant Martinez's sister. ¶¶19-20 of Complaint. Although Magistrate Martinez found Plaintiff guilty, it is notable that the district attorney later dismissed the citations for lack of evidence. ¶21 of Complaint. The district attorney's dismissals of those citations could very well support a finding of lack of probable cause. Plaintiff further alleges that Defendant Garcia was motivated to commit the tort of malicious abuse of process because Plaintiff had been publically critical of Defendant Martinez and Defendant Taos County Sheriff's Department. ¶18 of Complaint. Finally, Plaintiff alleges that he suffered damages when he "was required to undertake the inconvenience, expense, mental anguish and emotional distress of representing himself at trial against a hostile prosecution and judge, and after being subjected to the possibility of imprisonment and fine." ¶21 of Complaint. These allegations are sufficient to

state a malicious abuse of process claim against Defendant Garcia.  Defendants' motion to dismiss will be denied as to this state claim as asserted against Defendant Garcia in Plaintiff's Fourth Cause of Action.

The Plaintiff, however, fails to make specific factual allegations in the Complaint which the Court could liberally construe as stating a valid malicious abuse of process claim against Defendants Martinez, County of Taos, and Taos County Sheriff's Department.   The motion to dismiss will, therefore, be granted as to the malicious abuse of process claim made against Defendants Martinez, County of Taos, and Taos County Sheriff's Department in the Fourth Cause of Action.

> 3.  State Claims:  False Imprisonment (Second Cause of Action), and Negligent Hiring and Supervision (Seventh Cause of Action)

Defendants initially argued that the Plaintiff failed to state a valid false imprisonment claim (Second Cause of Action) and a negligent hiring and supervision claim (Seventh Cause of Action). However, Defendants clarified in their reply brief at 5 n.1 that those claims are not the subject of the motion to dismiss if the Plaintiff is bringing those claims under the NMTCA.  The Court liberally construes the false imprisonment claim and the negligent hiring and supervision claim as stated in the Second and Seventh Causes of Action as state tort claims. Considering Defendants' concession as to those state claims as well as the sufficiency of the allegations in the Complaint as to those two claims, the Court concludes that the motion to dismiss should be denied as to the Second Cause of Action false imprisonment claim and the Seventh Cause of Action negligent hiring and supervision claim.

4. Federal Claims: Qualified Immunity for the §1983 Claims Set Forth in Plaintiff's First Cause of Action

The Defendants also argue that Defendants Garcia and Martinez are entitled to qualified immunity with respect to the §1983 claims. The Tenth Circuit recently articulated the test for qualified immunity when raised in a motion to dismiss.

> Once a defendant raises qualified immunity in the context of a motion to dismiss, a court must first determine whether the plaintiff has alleged a violation of federal law. *Eaton v. Meneley*, 379 F.3d 949, 954 (10th Cir.2004). If the answer is "yes," then the court must decide whether the right was clearly established when the alleged violation occurred. *Id.; see also Smith v. Cochran*, 339 F.3d 1205, 1211 (10th Cir.2003). To be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Albright v. Rodriguez*, 51 F.3d 1531, 1535 (10th Cir.1995) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). Although the very conduct in question need not have been held unlawful, "in the light of pre-existing law the unlawfulness must be apparent." *Id*. If a plaintiff fails to demonstrate that a defendant's conduct violated the law, then we need not reach the additional question of whether the law was clearly established. *Butler v. Rio Rancho Pub. Schs. Bd. of Educ.*, 341 F.3d 1197, 1200 (10th Cir.2003).

*Marino v. Mayger*, 118 Fed. Appx. 393, 398 (10th Cir. 2004)(footnote omitted).

The first question then is whether Defendants Garcia and Martinez unlawfully detained, arrested, and prosecuted the Plaintiff in violation of the First, Fourth, Fifth, and Fourteenth Amendments. The appropriate substantive framework for a First Amendment claim where the plaintiff is not an employee of the defendant is set out in *Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000). Such a plaintiff must prove: "(1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." *Id*. (quotations omitted).

7

Challenging or opposing police actions as Plaintiff alleges he did when he publically criticized the murder investigation of a friend is a constitutionally protected activity.  *See, e.g., McCormick v. City of Lawrence, Kansas*, 253 F.Supp.2d 1172, 1193-95 (D. Kan. 2003)(quoting and citing *Houston v. Hill*, 482 U.S. 451 (1987)).  Moreover, police harassment and prosecution of the type Defendants Martinez and Garcia allegedly engaged in "would chill a person of ordinary firmness" from continuing to publically criticize the Defendant Taos County Sheriff's Department and Defendant Martinez.  Finally, drawing all reasonable inferences in Plaintiff's favor and reviewing the Complaint as a whole, I conclude the Plaintiff has adequately alleged that Defendants Garcia and Martinez were substantially motivated to harass the Plaintiff in response to Plaintiff's criticisms of Defendant Taos County Sheriff's Department and Defendant Martinez. Hence, Plaintiff has stated a valid First Amendment claim of retaliation against Defendants Garcia and Martinez.

The Court liberally construes Plaintiff's allegations in ¶18 of the Complaint to state that under the Fourth Amendment and *Terry v. Ohio*, 392 U.S. 1, 20 (1968) Defendant Garcia did not have reasonable suspicion of criminal activity to stop Plaintiff on October 9, 2003 and the stop was not "'reasonably related in scope to the circumstances which justified the interference in the first place.'"  *Terry*, 392 U.S. at 20.  The Plaintiff supports this contention by alleging that: 1) Defendant Garcia pulled him over for no reason whatsoever (¶18 of Complaint); 2) Defendant Garcia detained Plaintiff for approximately 40 minutes to issue a fabricated disorderly conduct citation (¶18 of Complaint); and 3) Plaintiff reasonably believed that he was not free to leave during the detention (¶27 of Complaint).  These allegations are sufficient to state an unlawful

8

detention and arrest claim against Defendant Garcia under the Fourth Amendment.[5],[6]

Plaintiff, however, does not allege any specific actions by Defendant Martinez which could support a Fourth Amendment claim against him.  Consequently, Plaintiff has failed to state a valid Fourth Amendment claim against Defendant Martinez.

Finally, the Court construes Plaintiff's §1983 claims to include an alleged substantive due process violation when Defendant Garcia improperly prosecuted Plaintiff by providing false testimony at the trial before Magistrate Martinez.  Even if Defendant Garcia's testimony was

---

[5] Defendants argue that the question of probable cause to detain Plaintiff (in effect an arrest of Plaintiff according to Plaintiff) was conclusively determined when Magistrate Martinez found the Plaintiff guilty of disorderly conduct.  A state court criminal proceeding has a conclusive effect on the issue of probable cause if the plaintiff had "a full and fair opportunity to litigate that issue" in state court.  *Hubbert v. City of Moore, Okl.*, 923 F.2d 769, 773 (10th Cir. 1991).  Even if Plaintiff had counsel at the trial, the proceeding may not have provided "a full and fair opportunity" to try the probable cause issue because Plaintiff implies in the Complaint that Magistrate Martinez was biased.

[6] Even if one believes Defendant Garcia's contentions that Plaintiff made a rude gesture and used foul language, under Plaintiff's allegations Defendant Garcia still did not have reasonable suspicion to initially detain the Plaintiff nor did Defendant Garcia have probable cause to detain Plaintiff in a manner causing Plaintiff to believe he was not free to leave.  A disorderly conduct charge in New Mexico requires that the conduct "tends to disturb the peace."  NMSA 1978, §30-20-1(A) (1963).  In other words, the words or actions must likely incite listeners to breach the peace.  *State v. Hawkins*, 1999-NMCA-126 ¶13, 128 N.M. 245.  When a person yells obscenities at a police officer and there is no evidence that the yelling will incite persons other than the police officer (who is not deemed an "average person" for purposes of being provoked to violence by foul language) to commit violence, then there is no disorderly conduct.  *Id*. at ¶¶14-15.  Consequently, if Plaintiff made rude gestures or comments to Defendant Garcia while Plaintiff was inside his vehicle with the windows closed and no one else was present to witness the gesturing and comments, Defendant Garcia would not have had reasonable suspicion to stop Plaintiff for disorderly conduct.  It follows then that Defendant Garcia had no legitimate basis to detain Plaintiff nor did Defendant Garcia have probable cause to in effect arrest Plaintiff during the time Defendant Garcia detained Plaintiff.

9

false, Defendant Garcia is entitled to absolute immunity in his role as a witness.[7] *See Briscoe v. LaHue*, 460 U.S. 325, 328 (1983)(police officers have absolute immunity for testimony at trial even if they commit perjury). The Court will, therefore, dismiss with prejudice Plaintiff's §1983 claim of a violation of Plaintiff's right to substantive due process based on Defendant Garcia's alleged fabrications at the trial. Again, Plaintiff does not allege any specific actions by Defendant Martinez that would support a substantive due process claim against him; therefore, Plaintiff's substantive due process claim against Defendant Martinez should also be dismissed. In sum, the Court concludes that the Plaintiff has stated valid First Amendment Claims against Defendants Garcia and Martinez and a valid Fourth Amendment claim against Defendant Garcia. Plaintiff's right to freedom of speech and his right to be free of an unlawful stop and detention were clearly established as of October 2003. Defendants Garcia and Martinez are, therefore, not entitled to qualified immunity on the First Amendment claims, and Defendant Garcia is not entitled to qualified immunity on the Fourth Amendment claim. On the other hand, Defendant Garcia is entitled to absolute immunity for his actions as a witness at the trial on Plaintiff's First Cause of Action for violation of substantive due process. Defendant Martinez is entitled to qualified immunity in his individual capacity for the Fourth, Fifth, and Fourteenth Amendment claims because the Plaintiff has not alleged any specific facts to establish that Defendant Martinez violated any of those constitutional rights as alleged in the First Cause of Action.

---

[7]Although the Defendants do not raise the issue of absolute immunity, the Court does so *sua sponte*. *See*, e.g., *McKinney v. State of Okla., Dept. of Human Services, Shawnee OK*, 925 F.2d 363, 365 (10th Cir.1991)(citations omitted)(a court may *sua sponte* dismiss a claim for failure to state a claim when it is "'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."). *See also* 28 U.S.C. §1915(e)(2)(B); Fed.R.Civ.P. 12(b)(6).

5. Federal Claims: The §1983 Claims Against Defendants County of Taos and Taos County Sheriff's Department

Defendants County of Taos and Taos County Sheriff's Department argue next that the Plaintiff has failed to state a §1983 claim against them because the Plaintiff has not alleged that these two Defendants had any official policy or custom that caused Plaintiff's damages. Viewing the Complaint as a whole, the Court determines that the Plaintiff has sufficiently alleged that official policies and customs resulted in damages to the Plaintiff. *See* ¶¶23, 25, 29-34 of Complaint. The Court will, therefore, deny Defendants' Motion to Dismiss as to the §1983 claims against Defendants County of Taos and Taos County Sheriff's Department on the basis of this argument.

6. Whether Defendant Taos County Sheriff's Department is a Proper Party

Finally, Defendant Taos County Sheriff's Department argues that it is not a proper party with respect to either the federal or state law claims. Because the Defendant Taos County Sheriff's Department is not a separate legal entity independent of the Defendant County of Taos, but rather is only a department of the Defendant County of Taos, the Defendant Taos County Sheriff's Department is not considered a "person" for purposes of asserting §1983 liability. *See Stump v. Gates*, 777 F.Supp. 808, 815-16 (D. Colo. 1991), *aff'd*, 986 F. 2d 1429 (10th Cir. 1993). The Defendant Taos County Sheriff's Department is, therefore, not a suable entity with respect to Plaintiff's §1983 claims.

Under the NMTCA, only "governmental entities and public employees" may be liable for the commission of torts as outlined by the NMTCA. 1978 NMSA §41-4-2(A)(1976). "Governmental entities" include local public bodies. 1978 NMSA §41-4-3(B)(1976). Local

public bodies consist of "political subdivisions of the state and their agencies, instrumentalities and institutions." 1978 NMSA §41-4-3(C)(1976). Applying §41-4-3(C), the Court concludes that a county's sheriff's department, as an instrumentality or agent of the county, could be considered a local public body and therefore, a governmental entity subject to suit under the NMTCA. Moreover, in *Weinstein v. City of Santa Fe ex rel. Santa Fe Police Dept.*, 121 N.M. 646, 651, 916 P.2d 1313, 1318 (1996), the New Mexico Supreme Court held that the Santa Fe Police Department could be vicariously liable for torts committed by its officers for which immunity was waived under the NMTCA because the Santa Fe Police Department is a public entity with supervisory control over its officers. Since a city police department is analogous to a county sheriff's department, the reasoning in *Weinstein* applies equally to the situation in this case. Accordingly, the Defendant Taos County Sheriff's Department is a suable entity with respect to the remaining state tort claims.

IT IS ORDERED that Defendants' Motion to Dismiss (Doc. No. 2) is granted in part in that:

1. Plaintiff's state claims based on negligent infliction of emotional distress (Third Cause of Action), intentional infliction of emotional distress (Fifth Cause of Action), and *prima facie* tort (Sixth Cause of Action) will be dismissed with prejudice;

2. Plaintiff's claim for malicious abuse of process asserted against Defendants Martinez, County of Taos, and Taos County Sheriff's Department in the Fourth Cause of Action will be dismissed with prejudice;

3. the §1983 claim for violation of Plaintiff's right to substantive due process based on

Defendant Garcia's false testimony at trial will be dismissed with prejudice;

    4. the Fourth, Fifth, and Fourteenth Amendment claims asserted against Defendant Martinez in his individual capacity under the First Cause of Action will be dismissed with prejudice; and

    5.  all of the §1983 claims asserted against Defendant Taos County Sheriff's Department under the First Cause of Action will be dismissed with prejudice.

*/s/ James A. Parker*
SENIOR UNITED STATES DISTRICT JUDGE